Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Joshua Eugene Macy,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Mehrizi Properties, LLC,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

　　　Plaintiff Joshua Eugene Macy ("Plaintiff") alleges the following:

**INTRODUCTION**

　　　1.　　Plaintiff brings this action against Defendant Mehrizi Properties, LLC ("Defendant"), for unlawfully discriminating against Plaintiff because of his disability at the commonly known address 6734 Rio Linda Blvd, Rio Linda, CA 95673 ("Property") where the Lew's Club is located ("Lew's Club").

　　　2.　　Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes

**PARTIES**

　　　3.　　Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

　　　4.　　Defendant is a California limited liability company with its principal address in Sacramento, California. Defendant owned and/or operated and currently owns and/or operates the

Property, at which Lew's Club operates.

## JURISDICTION

5.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7.  Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8.  Plaintiff is disabled.

9.  Plaintiff suffers from the effects of a traumatic brain injury.

10. Because of the effects of Plaintiff's injury, specifically the adverse effect on Plaintiff's balance, Plaintiff's ability to stand and walk is substantially limited.

11. Plaintiff uses a wheelchair to deal with the symptoms of his disability.

12. When a person's balance problems are severe enough, they may require the use of a wheelchair as a mobility aid. Using a wheelchair can help a person with balance problems to move around more easily and safely. However, using a wheelchair can also present challenges, as it requires accessible buildings and other accessible structures, including bathrooms large enough to accommodate the use of a wheelchair.

13. On December 5, 2022, Plaintiff visited the Lew's Club located at 6734 Rio Linda Boulevard in Rio Linda, California. Plaintiff was there to have a few drinks.

14. Plaintiff is a regular at the bar.

15. The Lew's Club is less than three miles from Plaintiff's home.

16. While at the Lew's Club, Plaintiff needed to use the restroom. However, the restroom is completely inaccessible to Plaintiff.

17. The restroom is not accessible to Plaintiff because of its tiny size. Plaintiff believes that

there are no accessible features whatsoever in the restroom.

18. Nobody offered to help Plaintiff navigate the tiny restroom.

19. The Property is believed to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

20. Defendant denied Plaintiff full and equal access because of the lack of accessible restroom facilities.

21. Because of barriers at the Property, Plaintiff's access to the facilities, goods, and services at the Property and the Lew's Club was hampered, causing him difficulty, discomfort, and embarrassment.

22. Other patrons who do not have mobility issues or require the use of a wheelchair may utilize the restroom, but Defendant forces Plaintiff to either return home or urinate elsewhere when he visits the bar.

23. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation until such time that Defendant brings the Property into compliance with the ADA.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

25. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendant's Property and the Lew's Club.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

26. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

27. For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

28. The improvements on the Property where the Lew's Club is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

29. Defendant violated the ADA by failing to design and construct the facilities on the Property and at the Lew's Club in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

30. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

31. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

32. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

33. The configuration and condition of Defendant's Property denied Plaintiff a public accommodation due to Plaintiff's disability.

34. It is readily achievable for Defendant to remove the architectural barriers.

35. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Property.

36. Defendant's violations are the cause of suffering for Plaintiff.

37. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

38. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

39. As described above, Defendant intentionally discriminated against Plaintiff during his visit to the Property.

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

41. Defendant's acts and omissions are in violation of the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

42. Plaintiff was harmed.

43. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

44. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

45. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

46. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease the discrimination against disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: December 20, 2022

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff